# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 16, 2015

151115 & (47)

MATTIE KING,
      Plaintiff-Appellee,

v

PARK WEST GALLERIES, INC.,
ALBERT SCAGLIONE, MORRIS SHAPIRO,
and ALBERT MOLINA,
      Defendants-Appellants,
and

PLYMOUTH AUCTIONEERING SERVICES,
LTD.,
      Defendant-Appellee.
_____/

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

SC: 151115
COA: 314188
Oakland CC: 2011-117393-CZ

On order of the Court, the application for leave to appeal the December 2, 2014 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. The motion to strike is DENIED.

MARKMAN, J. (*dissenting*).

Plaintiff purchaser sued defendant art merchant in 2010 for an allegedly fraudulent transaction, accompanied by a certificate of authenticity, that occurred in 1999. I would grant leave to appeal to address the extent to which a false representation by a merchant, express or implied, including but not limited to the issuance of a certificate of authenticity by that merchant, can under the fraudulent concealment statute, MCL 600.5855, serve to toll, potentially indefinitely, the period of limitations as to the underlying fraudulent transaction. See MCL 600.5807(8) (providing the lengthiest potential period of limitations in this case, six years for breach of contract); see also MCL 442.322(a) (providing that a certificate of authenticity from an art merchant to a purchaser, as in this case, creates an express warranty of authenticity).

LARSEN, J., did not participate in the disposition of this matter because the Court considered it before she assumed office and her vote is not outcome-determinative.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 16, 2015



p1013

Clerk